Erik A. Christiansen (USB #7372)
Brian M. Rothschild (USB #15316)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT 84145
Telephone:  (801) 532-1234
Facsimile:  (801) 536-6111
Email:  EChristiansen@parsonsbehle.com
Email:  BRothschild@parsonsbehle.com

Steven C. Sunshine (*pro hac vice* pending)
Clifford M. Sloan (*pro hac vice* pending)
Maria Raptis (*pro hac vice* pending)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
Telephone:  (202) 371-7000
Facsimile:  (202) 393-5760
Email:  Steve.Sunshine@skadden.com
Email:  Cliff.Sloan@skadden.com
Email:  Maria.Raptis@skadden.com

*Attorneys for Plaintiff Bausch & Lomb Incorporated*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED,<br><br>         Plaintiff,<br><br>v.<br><br>SEAN D. REYES, in his Official Capacity as<br>Attorney General of Utah,<br><br>         Defendant. | **BAUSCH & LOMB INCORPORATED'S MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:15-cv-00259-DAK<br><br><br>Judge:  Dale A. Kimball |

4834-3588-8163.1

Plaintiff Bausch & Lomb Incorporated ("B+L") has filed a Complaint on this date requesting declaratory and injunctive relief on the ground that S.B. 169, 2015 Gen. Stat. § 2(2), a recently enacted amendment to Utah's Contact Lens Consumer Protection Act, violates the Commerce Clause of the Constitution, art. I, § 8, cl. 3.  Pursuant to Federal Rule of Civil Procedure 65, B+L respectfully moves the Court for entry of a preliminary injunction barring Defendant from enforcing S.B. 169, which will become effective on May 12, 2015.  This Motion is based on the memorandum of points and authorities below, the pleadings on file with the Court, and any oral argument that this Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

Out of respect for this Court's time, pursuant to DUCivR 7-1(a)(4), and to avoid duplication and repetition, B+L expressly incorporates the legal arguments set forth in the memorandum of law in support of the motion for preliminary injunction filed by Alcon Laboratories, Inc. ("Alcon") on April 13, 2015.  *See* Mem. of Law of Alcon Labs., Inc. in Support of its Mot. For Preliminary Injunction ("Alcon Motion"), *Alcon Labs., Inc. v. Reyes*, No. 2:15-cv-00252-BCW (D. Utah Apr. 13, 2015).

## ARGUMENT

A party must establish four factors to obtain a preliminary injunction:  "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208

(10th Cir. 2009). Each factor is satisfied here, and, accordingly, B+L is entitled to a preliminary injunction against enforcement of S.B. 169.

## I.       B+L Is Likely to Succeed on the Merits of Its Claims.

As set forth in B+L's Complaint, S.B. 169 violates the Commerce Clause in three separate ways. *First*, S.B. 169 discriminates against interstate commerce because it "mandate[s] differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Granholm v. Heald*, 544 U.S. 460, 472 (2005) (internal quotation marks and citation omitted). *Second*, S.B. 169's severe burdens on interstate commerce—and, in particular, its proscription of nationwide business practices recently praised by the United States Supreme Court as procompetitive measures that benefit consumers—clearly outweighs its putative local benefits. *See Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). *Third*, S.B. 169 impermissibly "directly regulates . . . interstate commerce," *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579 (1986), and has the "practical effect" of "control[ling] conduct beyond the boundaries of the State," *Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989) (citation omitted).

For these reasons and as explained more fully in the Alcon Motion, B+L is likely to succeed on the merits of its claims that S.B. 169 violates the dormant Commerce Clause and must be invalidated. *See* Alcon Motion at 12–22.

## II.       B+L Will Suffer Irreparable Harm Absent Entry of a Preliminary Injunction.

Should S.B. 169 take effect, B+L will suffer irreparable harm for three independent reasons:  (1) sovereign immunity will bar B+L's collection of damages to the extent that they can be ascertained; (2) B+L will suffer intangible harms from enforcement of S.B. 169, which cannot

3

be remedied after they occur; and (3) damages would be difficult or impossible to calculate if S.B. 169 is ultimately struck down.

*First*, even if damages from the unlawful enforcement of S.B. 169 could be calculated, B+L will suffer irreparable harm absent entry of a preliminary injunction because the sovereign immunity held by Utah and its officials will bar B+L from collecting those damages.  *See, e.g.*, *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1251 (10th Cir. 2001); *see also* Alcon Motion at 22–23.

*Second*, B+L will suffer irreparable harm absent entry of a preliminary injunction because of the intangible harms that enforcement of S.B. 169 will cause it.  *See, e.g.*, *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156–57 (10th Cir. 2001) (observing that potential for loss of goodwill or competitive market position constitutes irreparable harm); *ClearOne Communications, Inc. v. Chiang*, No. 2:07-CV-37 TC, 2007 WL 3231524, at *10 (D. Utah Oct. 30, 2007) (same).  B+L's unilateral price policy ("UPP") helps to convey the superior quality of the innovative products covered by the policy.  (Aff. of Gaetano Guglielmino in Support of Plaintiff Bausch & Lomb Incorporated's Motion for Preliminary Injunction ("Guglielmino Aff.") ¶ 11.)   It also enhances B+L's partnerships with eye care professionals ("ECPs") and contact lens distributors and retailers, along with helping B+L to continue to invest in the development and sale of novel products.  (*Id.*)  Enforcement of S.B. 169 would disrupt B+L's arrangements with ECPs, distributors, and retailers and foster uncertainty as B+L's customers question the reliability of transactions with B+L.  (*Id.* ¶¶ 12–13.)  Because B+L could not recover damages to compensate it for these intangible harms, it would be irreparably injured were S.B. 169 to go into effect.

*Third*, B+L will suffer irreparable harm because its damages caused by enforcement of S.B. 169 will be unquantifiable or difficult to calculate should the statute ultimately be invalidated.  *See, e.g.*, *RoDa Drilling*, 552 F.3d at 1211 (explaining that irreparable harm is established where damages are unquantifiable or difficult to calculate); *Star Fuel Marts, LLC v. Sam's East, Inc.*, 362 F.3d 639, 652 (10th Cir. 2004) (same).  Enforcement of S.B. 169 would foreclose B+L from using the tool that, in its business judgment, best positions it to compete in the marketplace of innovative contact lens products.  (Guglielmino Aff. ¶ 12.)  This, in turn, would cause damages from the lost sales that would have been realized had B+L been able to continue to use the UPP.  (*Id.* ¶ 13.)  But the amount of damages would be uncertain, given the many variables at play in the contact lens market.  (*Id.*)  Because the precise damages attributable to S.B. 169's prohibition on B+L's using its business judgment about pricing and the selection of commercial partners would be difficult or impossible to measure, B+L would suffer irreparable harm absent a preliminary injunction.

**III.    The Balance of Equities Tips in B+L's Favor, and a Preliminary Injunction Is in the Public Interest.**

As shown above, B+L is likely to succeed on its claim that S.B. 169 violates the Commerce Clause.  In light of the fact that preventing the violation of a party's constitutional rights is always in the public interest and that enforcement of S.B. 169 would irreparably harm B+L, the equities overwhelmingly favor B+L and entry of a preliminary injunction would further the public interest.  (*See* Alcon Motion at 24–25.)

5

**CONCLUSION**

For the foregoing reasons and those stated in the Alcon Motion, this Court should grant

B+L's Motion and enter an order enjoining Defendant's enforcement of S.B. 169.

April 14, 2015                                    Respectfully submitted,

                                                  /s/ Erik A. Christiansen
                                                  Erik A. Christiansen
                                                  Brian M. Rothschild
                                                  PARSONS BEHLE & LATIMER
                                                  One Utah Center
                                                  201 South Main Street, Suite 1800
                                                  P.O. Box 45898
                                                  Salt Lake City, UT 84145
                                                  Telephone:  (801) 532-1234
                                                  Facsimile:  (801) 536-6111
                                                  Email:  EChristiansen@parsonsbehle.com
                                                  Email:  BRothschild@parsonsbehle.com

                                                  Steven C. Sunshine (*pro hac vice* pending)
                                                  Clifford M. Sloan (*pro hac vice* pending)
                                                  Maria Raptis (*pro hac vice* pending)
                                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                                  LLP
                                                  1440 New York Avenue NW
                                                  Washington, DC 20005
                                                  Telephone:  (202) 371-7000
                                                  Facsimile:  (202) 393-5760
                                                  Email:  Steve.Sunshine@skadden.com
                                                  Email:  Cliff.Sloan@skadden.com
                                                  Email:  Maria.Raptis@skadden.com

                                                  *Attorneys for Bausch & Lomb Incorporated*

4834-3588-8163.1